Plaintiff-appellant Theresa A. Cohen appeals the July 9, 1999, Judgment Entry of the Fairfield County Court of Common Pleas, Domestic Relations Division. Defendant-appellee is Jeffrey A. Cohen.
 STATEMENT OF THE CASE AND FACTS
Plaintiff-appellant Theresa A. Cohen [hereinafter appellant] and defendant-appellee Jeffrey A. Cohen [hereinafter appellee] were married on October 27, 1991. The parties had one child during their marriage, born January 22, 1992. A Decree of Divorce was entered on June 16, 1995. As to custody of the child, the parties entered into a Joint Shared Parenting Plan that provided parental companionship time with both parents and named appellant the residential parent for school placement purposes. In October 1995, appellant contacted Fairfield County Children Services regarding allegations that appellee had sexually abused the minor child. The sexual abuse was not substantiated by the agency. Based upon the facts and circumstances of the alleged sexual abuse, on April 29, 1996, appellant filed a Motion to Modify the Allocation of Parental Rights and Responsibilities in the Fairfield County Domestic Relations Court. Appellant requested that the parental rights and responsibilities be reallocated to ensure the child's best interests, and that, during the pendency of the motion, any visitation between the child and appellee be suspended or supervised. On May 1, 1996, the paternal grandparents motioned to Intervene. On May 1, 1996, the grandparents were added as parties. On June 10, 1996, the paternal grandparents were granted visitation. Appellee's visitation was restricted to supervised visits in the presence of the grandparents. On July 24, 1996, the appellee moved for restoration of his parental rights to companionship, arguing that appellant had failed to cooperate with her psychologist who was to evaluate the parties and the minor child. The grandparents and appellee thereafter began to file multiple motions for contempt against appellant alleging violations of the Judgment Entries which had granted visitation to the grandparents and appellee. In her defense, appellant fled a Memorandum Contra to the Motions for Contempt arguing, that due to the allegations of sexual abuse of the child by appellee and the resulting, ongoing investigation, good cause existed for denial of the visitations. On September 10, 1996, the trial court issued a Judgment Entry in which appellant was found guilty of contempt for violation of previous court orders regarding visitation. On October 6, 1996, appellant filed a verified Complaint in the Fairfield County Juvenile Court, requesting that the juvenile court take jurisdiction over the minor child based upon dependency and abuse. The domestic relations court conducted a hearing on December 10, 1996, and issued a Judgment Entry, filed January 17, 1997, which deferred any domestic relations court hearings until certain issues in the juvenile court case were resolved. On February 26, 1997, the juvenile court found the minor child to be dependent based upon the abuse allegations and placed the child under the protective supervision of Fairfield County Children Services. However, the allegations of abuse were not substantiated. In a Judgment Entry dated March 23, 1998, the juvenile court stated that although some evidence of abuse was brought forth, there was no clear and convincing evidence presented indicating that the minor child had been abused by appellant. The juvenile court found that the minor child was no longer dependent and terminated the case. The juvenile court certified the matter to the domestic relations court for any further proceedings. After the case was returned to the domestic relations court, appellee resumed his pursuit of the reallocation of parental rights and responsibilities based upon his motion of July 24, 1996. A hearing was conducted on April 5, 6, 7, and 8, 1999. At issue was whether appellant had acted reasonably in regard to the child and appellee and how had appellant affected the parent/child relationship between appellee and the child. Tr. 8 On June 24, 1999, the domestic relations court [hereinafter the trial court] issued Findings of Fact and Conclusions of Law which found that a termination of the shared parenting plan was in the best interest of the child. The trial court found appellant had demonstrated a continued willful denial of appellee's visitation and companion rights. Pursuant to R. C. 3109.04(E)(1), the trial court found that a change of circumstances had occurred, namely that appellee, the father, had remarried, the child was older and appellant, the mother, had shown that she was unable and unwilling to cooperate in a shared parenting plan. Upon review of the factors delineated in R.C. 3109.04(F)(1)(a) — (j) and R.C. 3109.04(F)(2), the trial court found that a termination of the shared parenting plan was in the child's best interests. Further, the trial court found that any likely harm to the child because of the change of environment was outweighed by the advantages of the change of environment to the child. The trial court determined that it was in the best interest of the child that appellee should be the residential parent and appellant should have visitation and companionship. On July 9, 1999, a Judgment Entry was issued which established appellee as the residential parent and granted visitation to appellant. It is from the July 9, 1999, Judgment Entry that appellant pursues this appeal, raising the following assignments of error:
 I. THE TRIAL COURT ERRED BY NOT PERMITTING APPELLANT TO CROSS EXAMINE APPELLEE.
 II. THE TRIAL COURT ERRED IN LIMITING THE TIME THAT APPELLANT HAD TO PRESENT HER CASE.
 III. THE TRIAL COURT ERRED IN REFUSING TO INTERVIEW THE MINOR CHILD IN CHAMBERS.
 IV. THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION TO MODIFY THE ALLOCATION OF PARENTAL RIGHTS AND RESPONSIBILITIES.
 I, II
In assignment of error I, appellant contends that the trial court erred and violated appellant's and the minor child's rights to due process when it did not permit appellant to cross examine appellee, the father of the child. In assignment of error II, appellant contends that the trial court erred when it limited the time in which appellant could present her case and, therefore, she was denied an opportunity for a full and complete hearing. The due process clause of the Fourteenth Amendment requires an opportunity to be heard before an impartial observer, and provides the right to confront and cross examine witnesses prior to the deprivation of life, liberty or property interest. Shimko v. Lobe (1997),124 Ohio App.3d 336, 706 N.E.2d 354 (citing Guralnick v. Supreme Court of New Jersey (D.N.J. 1990), 747 F. Supp. 1109, 1113, affirmed without opinion (C.A.3, 1992), 961 F.2d 209; Goldberg v. Kelly (1970), 397 U.S. 254,267-268, 90 S.Ct. 1011, 1020-1021, 25 L.Ed.2d 287, 298-299). "[T]he sine qua non of due process is a fair trial in a fair tribunal." State v. Lee (1998), 128 Ohio App.3d 710, 719, 716 N.E.2d 751. The hearing in this case was scheduled for three days. Appellee presented his case on the first two days. At the outset of the third day, the trial court announced that appellee's case would be completed by noon that day. The trial court further stated that appellant's case would commence at 1:00 P.M. and conclude that afternoon. Appellee, the father of the child, was called as a witness on direct examination during the morning session of the third day of the hearings. At the conclusion of the direct exam, the trial court informed appellant's counsel that, should she choose to cross examine appellee at that point, the time would be deducted from the time allotted for appellant's case in the afternoon. As a result of the trial court's urging, appellant's counsel reserved cross examination of appellee for a later time. At approximately 4:30 P.M., the trial court declared the hearing concluded, even though appellant's counsel had not called appellant, the mother, to the witness stand, nor cross examined appellee, the father. After oral motion by appellant, the trial court relented and gave appellant one additional hour, on the following day, to conclude her case. However, the trial court excused appellee from attending the hearing the next day, thereby foreclosing the cross examination of appellee. While appellant contends that her due process rights were violated, appellee argues that the trial court did no more than exercise its inherent right to limit the time spent in examination of witnesses by an attorney. We agree that a trial court has the inherent authority to control its courtroom and docket, but find that, under the factual situation presented in the case sub judice, appellant's due process rights were violated when appellant was denied the ability to cross examine appellee, the father of the child, and when the limitations applied to appellant denied her the ability to present her case. Central to the trial court's modification of custody is its finding that appellant should have resumed the child's visitation with appellee once the initial allegations of sexual abuse against appellee were found to be unsubstantiated on November 21, 1995, or, at the latest, June 17, 1996, when additional allegations of sexual abuse against appellee were found to be unsubstantiated. Judgment Entry, June 24, 1999, pg. 8-9. Our review of the transcript of the proceedings reveals that appellant and appellee were given different degrees of latitude to develop testimony as to the validity, or lack thereof, of the allegations against appellee. The trial court repeatedly afforded appellee the opportunity to present evidence tending to show that the allegations of sexual abuse were not substantiated and were false and unreasonable. However, appellant was prevented by the trial court from presenting testimony to show that appellant may have been reasonable in her pursuit of the sexual abuse allegations and in her refusal to allow appellee visitation with the child. While this questions of unequal treatment is present throughout the transcript, we present the following example regarding the first witness called by appellee to support appellee's contention that the child was not abused by appellee. Dr. David Tennenbaum was permitted to testify at length as to his opinion that the child was not sexually abused. TR 16-95. Dr. Tennenbaum based his opinion on reports he had received from other medical professionals who had interviewed or examined the child, as well as his own interviews of the child. Dr. Tennenbaum was permitted to testify in detail as to the reports and findings of those other medical professionals. Appellant attempted to present the testimony of Dr. Charles Johnson, the doctor who performed the initial evaluation of the child, on or around April 5, 1996, in an attempt to provide an opinion contra to Dr. Tennenbaum's opinion that the child was not abused, thereby presenting an opinion that the child had been sexually abused. The trial court ruled that Dr. Johnson's testimony was irrelevant. TR 307-315. We find this example is not an isolated incident. This question of fairness is present throughout the proceedings and supports this court's finding that appellant was not given a full and fair opportunity to be heard on the motions pending before the trial court. Appellant's first and second assignments of error are sustained.
 III, IV
The third and fourth assignments are rendered moot by the disposition of assignments of error I and II.
The judgment of the Fairfield County Court of Common Pleas is hereby reversed and remanded for a new hearing.
Edwards, J. Gwin, P.J. and Hoffman, J. concur